AO 91 (Rev. 11/11)  Criminal Complaint

# UNITED STATES DISTRICT COURT
for the

District of New Mexico

FILED

UNITED STATES DISTRICT COURT
LAS CRUCES, NEW MEXICO

MAR 2 0 2026

MITCHELL R. ELFERS
CLERK OF COURT

| | | |
|---|---|---|
| United States of America | ) | |
| v. | ) | |
| Jose Ramon Guevara-Lopez | ) | Case No. 26 mj 1224 |
| | ) | |
| | ) | |
| | ) | |
| *Defendant(s)* | ) | |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of _____ January 31, 2026 _____ in the county of _____ Otero _____ in the _____ District of _____ New Mexico _____, the defendant(s) violated:

| *Code Section* | *Offense Description* |
|---|---|
| 21 U.S.C. § 841 & 846 | Possession with the intent to distribute a controlled substance, to wit: approximately 1.8 kilograms of methamphetmine. |
| | Conspiracy to possess with the intent to distribute a controlled substance, to wit: approximately 1.8 kilograms of methamphetmine. |

This criminal complaint is based on these facts:

☑ Continued on the attached sheet.

_Roberto Arras_
Complainant's signature

Special Agent Roberto Arras
Printed name and title

Sworn to before me and signed in my presence.

Date: 3/20/26

City and state: Las Cruces, NM

_Damian L Mart_
Judge's signature

U.S. Magistrate Judge Damian L. Martinez
Printed name and title

**Affidavit**

The following information contained in this affidavit is a summary and not a verbatim account. This affidavit does not contain all facts of this investigation but is merely being offered to establish probable cause to charge Jose Ramon GUEVARA-Lopez with Conspiracy to Distribute 50 Grams and More of Methamphetamine, in violation of 21 U.S.C. § 846, and Possession with Intent to Distribute 50 Grams and More of Methamphetamine, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(A).

1. I am a Special Agent with the Drug Enforcement Administration and have been since July 2025. Prior to working for the DEA, I was patrol officer with the El Paso Police Department in El Paso, Texas. During my career as a DEA agent, I have conducted criminal investigations concerning violations of the Controlled Substances Act and have received ongoing training in conducting such investigations. My experience as a law enforcement agent includes, but is not limited to: conducting physical surveillance, interviewing witnesses, writing affidavits for and executing search warrants, working with undercover agents and informants, issuance of administrative and federal grand jury subpoenas, analysis of phone toll and financial records, and analysis of data derived from the use of pen registers and trap and traces. Through my training, education, and experience, I have become familiar with the manner in which drug trafficking organizations operate and know that cellular telephone location data can be useful in locating members of an organization when other investigative methods have failed. By locating members of an organization, particularly at times when they are engaged in illegal activity, agents can further their investigation and gather additional evidence of criminal activity.

2. On January 31, 2026, Janeth Escalante attempted to cross through the Alamogordo Border Patrol Checkpoint, on Highway 54 located South of Alamogordo, New Mexico (NM). Escalante was driving a Black Dodge Ram 2500, bearing a NM license plate, heading north. Escalante was found to have 1,695.2 net grams of pure methamphetamine in her possession when she attempted to drive through the USBP checkpoint.

3. On January 31, 2026, Border Patrol Agents (BPAs) and BPA Intelligence (BPA-I) responded to the checkpoint in reference to the methamphetamine seized from Escalante.

4. On the same day, BPA-I collected wrappings from one bundle of the methamphetamine load seized from Escalante. On February 2, 2026, the bundle wrapping was tested, and six latent fingerprints were discovered on the wrapping. On February 26, 2026, USBP received the latent print lab report stating that the fingerprints belonged to two

identified subjects. One print belonged to Janeth Escalante. The five remaining prints belonged to Jose Ramon GUEVARA-Lopez.

5. Agents were familiar with GUEVARA-Lopez, as a source of information (SOI) provided information in February 2026 that Escalante's drug supplier was her boyfriend, Jose GUEVARA-Lopez who resided in Sunland Park, New Mexico.

6. Further, On February 23, 2026, an anonymous tip was submitted to DEA regarding GUEVARA-Lopez. The tip stated that Janeth Escalante was involved in the sale and distribution of methamphetamine. The tip also stated that Escalante's primary drug supplier was GUEVARA-Lopez and informed agents that GUEVARA-Lopez was a convicted felon. A criminal history search showed that GUEVARA-Lopez currently possesses a federal full extradition warrant for a probation violation from an alien smuggling charge, which corroborated the tip received.

7. Based on the foregoing, I believe there is probable cause to believe that Jose GUEVARA-Lopez Conspired to Distribute 50 Grams and More of Methamphetamine, in violation of 21 U.S.C. § 846, and Possessed with Intent to Distribute 50 Grams and More of Methamphetamine, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(A), on or before January 31, 2026.

8. AUSA Devon Aragon Martinez has reviewed and approved this complaint.

Respectfully Submitted,

*Roberto Arras*

Roberto Arras
DEA Special Agent

Electronically submitted and telephonically sworn to before me this 20ᵗʰ day of March 2026.

Damian L. Martinez
United States Magistrate Judge